**SO ORDERED.**

**SIGNED this 13 day of August, 2007.**

_____
**JOHN T. LANEY, III
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 06-70659-JTL |
| ADVENTURE PARKS GROUP, LLC, | ) | (jointly administered under 06-70659) |
| | ) | |
| DEBTOR. | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 06-70660-JTL |
| WILD ADVENTURES VALDOSTA, LLC, | ) | (jointly administered under 06-70659) |
| | ) | |
| DEBTOR. | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 06-70661 |
| CYPRESS GARDENS ADVENTURE PARK, LLC, | ) | (jointly administered under 06-70659) |
| | ) | |
| DEBTOR. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| DAVID B. MOTLEY and | ) | ADVERSARY PROCEEDING |
| JANE P. MOTLEY, | ) | NO. 07-7016 |
| | ) | |
|     PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| ADVENTURE PARKS GROUP, LLC; | ) | |
| WILD ADVENTURES VALDOSTA, LLC; | ) | |
| CYPRESS GARDENS ADVENTURE PARK, LLC; GENERAL ELECTRIC CAPITAL CORPORATION; THE CIT GROUP/EQUIPMENT FINANCE, INC.; FMP AGENCY SERVICES, LLC; FALCON MEZZANINE PARTNERS, LP; CK CP #3, LP; BILL & MELINDA GATES FOUNDATION; CASCADE INVESTMENT, LCC; ARROW INVESTMENT PARTNERS; and MG AGENCY SERVICES, LLC, | ) | |
| | ) | |
|     DEFENDANTS. | ) | |

BEFORE

JOHN T. LANEY, III

UNITED STATES BANKRUPTCY JUDGE

**MEMORANDUM OPINION**

This matter comes before the Court on motions to dismiss for failure to state a claim filed by General Electric Capital Corporation ("GECC"); CIT Group/Equipment Financing, Inc. ("CIT"); and Debtors Adventure Parks Group, LLC, Wild Adventures Valdosta, LLC, and Cypress Gardens Adventure Park, LLC (collectively, "Debtors"). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Factual Allegations**

Debtors Adventure Parks Group ("APG"), Wild Adventures Valdosta ("WAV"), and Cypress Gardens Adventure Park ("CG") filed separate Chapter 11 petitions on September 11, 2006. Plaintiffs David and Jane Motley have asserted mechanic's liens on certain property owned by CG. They assert no interest in property owned by APG or WAV. Non-debtor Defendants in this adversary proceeding assert various interests in property of one or more of the Debtors.

Plaintiffs initiated this adversary proceeding on May 8, 2007, by filing a seven-count complaint seeking to marshal Defendants' interests in the Debtors' property. Three Defendants filed partial motions to dismiss for failure to state a claim. Allegations in Plaintiffs' complaint relevant to the motions are as follows:

APG is the parent company of WAV and CG. WAV owns certain real property, fixtures, and personal property in Lowndes County, Georgia. CG owns certain real property, fixtures, and

personal property in Winter Haven, Florida. CG claims an interest in insurance proceeds that are currently the subject of litigation.

GECC and CIT claim first priority liens on all the CG property, all the WAV property, and the insurance proceeds, securing prepetition debt of $33 million as a result of notes and cross guarantees. Pursuant to a debtor-in-possession financing order entered October 18, 2006, and a post-petition credit agreement, GECC has provided post-petition financing for the Debtors, secured by priority liens on essentially all the Debtors' assets, including the CG property. Plaintiffs characterize the facts and circumstances surrounding the GECC and CIT claims as unique.

FMP Agency Services, LLC, Falcon Mezzanine Partners, LP, CK CP #3, LP, Bill & Melinda Gates Foundation, Arrow Investment Partners, and Cascade Investment, LLC claim liens on the CG property and the WAV property in connection with the execution of certain traunche note purchase agreements. MG Agency, Gates Foundation, Cascade, and Arrow claim liens on the CG property and the WAV property in connection with the execution of a separate note purchase agreement.

Non-debtor Defendants claim to hold secured claims totaling approximately $73 million secured by a collateral pool consisting of essentially all WAV property and all CG property. The debt is not allocated among Debtors' assets.

Plaintiffs hold approximately $9.4 million in mechanic's liens secured by real estate and fixtures owned by CG. The mechanic's liens do not apply to any WAV property or to the insurance proceeds. Non-debtor Defendants claim priority over any of Plaintiffs' mechanic's liens determined to constitute valid liens on assets of CG. The DIP financing order provides

Plaintiffs retain the right to assert marshaling or any similar doctrine. To the extent Plaintiffs' mechanic's liens are valid and Debtors' assets are sold, Plaintiffs have a right to credit bid on the CG property, but not the WAV property.

The portions of the complaint targeted by Defendants' motions to dismiss are as follows:

*Count I* – GECC and CIT request dismissal in full of Count I, which seeks to compel GECC and CIT to satisfy their pre-petition claims from assets of WAV before looking to assets of CG and next to satisfy their claims from CG assets unencumbered by Plaintiffs' mechanic's liens. Debtors seek dismissal of Count I, paragraph 25(a) to the extent it requires GECC and CIT to first recover from non-CG assets.

*Count II* – GECC requests dismissal in full of Count II, which seeks to compel GECC to satisfy its post-petition claims from assets of WAV before looking to assets of CG and next to satisfy its claims from CG assets unencumbered by Plaintiffs' mechanic's liens. Debtors seek dismissal of Count II, paragraph 32(a) to the extent it requires GECC to first recover from non-CG assets.

*Count III* – Debtors request dismissal of Count III, paragraph 38, which seeks to compel Defendants FMP Agency, Falcon, CK, Foundation, Arrow, and Cascade to satisfy their claims from assets of WAV before looking to assets of CG.

*Count IV* – Debtors request dismissal of Count IV, paragraph 41, which seeks to compel FMP, Falcon, CK, Gates Foundation, Arrow, and Cascade to satisfy their claims from CG assets unencumbered by Plaintiffs' mechanic's liens before proceeding to CG assets covered by such liens–the marshaling of CG assets to occur after the marshaling of WAV assets.

*Count V* – Debtors request dismissal of Count V, paragraph 45, which seeks to compel

5

Defendants MG Agency Services, LLC, Gates Foundation, Cascade, and Arrow to satisfy their claims from assets of WAV before looking to assets of CG.

*Count VII* – Debtors seek dismissal of Count VII, which, in the event any assets of Debtors are sold, seeks to compel the sale of WAV assets prior to the sale of CG assets.

The Court held a hearing on Defendants' motions on July 20, 2007. For the reasons that follow, the Court will grant the motions in part and deny them in part and will grant Plaintiffs leave to amend the complaint.

**Conclusions of Law**

*Applicable Standard:* Certain Defendants in this case seek to dismiss portions of Plaintiffs' complaint for failure to state a claim upon which relief can be granted, which is authorized by Federal Rule of Civil Procedure 12(b)(6) and made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b). The standard for analyzing such a claim is well-established: "'It has long been the rule ... that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Harris v. Procter & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 1996) (quoting Mann v. Adams Realty Co., Inc., 556 F.2d 288, 293 (5th Cir. 1977)). The Court is "'required to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true.'" Id. Plaintiffs' complaint need only provide "a short and plain statement of the claim showing the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions .... Factual allegations

must be enough to raise a right of relief above the speculative level ...." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

At issue in this case is whether Plaintiffs' complaint states a claim for marshaling of Debtors' assets and for dictating the order in which Debtors' assets must be sold. At the outset, the Court notes that many of the arguments raised by Defendants–such as, effect of § 509(a) subrogation, whether the equities are against Plaintiffs, validity of Plaintiffs' mechanics liens, whether any money will remain after paying the DIP loan and senior secured creditor, and whether the business judgment rule applies as to the order in which Debtors' assets are sold–are in the nature of defenses to a sufficiently stated claim and are not relevant to a Rule 12(b)(6) motion. Consequently, the Court will not consider such arguments in reaching its decision. Defendants, of course, are free to raise the arguments again at the appropriate time.

*Marshaling:* "This Court, sitting as a court of equity, may order marshaling in appropriate cases." McDonald v. First Nat'l Bank of Athens (In re Harrold's Hatchery & Poultry Farms, Inc.), 17 B.R. 712, 715 (Bankr. M.D. Ga. 1982). Under the doctrine of marshaling, when a senior lienholder can satisfy its claim from two funds held by the debtor and a junior lienholder has recourse to only one of those funds, the Court can require the senior lienholder to exhaust the non-shared fund before proceeding against the shared fund. Id. at 715-16; see also In re Maddox, 84 B.R. 251, 257 (Bankr. N.D. Ga. 1987).

To state a claim for marshaling, Plaintiffs must establish (1) they and Defendants are creditors of a common debtor and (2) the assets to be marshaled are owned by that common

debtor.[1]  Harrold's Hatchery, 17 B.R. at 716 (quoting Farmers & Merchants Bank v. Gibson, 7 B.R. 437, 439 (Bankr. N.D. Fla. 1980)).  Even if Plaintiffs do not allege the property is owned by a common debtor, they may still state a claim for marshaling if they allege facts indicating (1) the second debtor is the alter ego of the debtor; (2) the second debtor's property should be deemed a capital contribution to the debtor; or (3) the second debtor has engaged in inequitable conduct.  Id. at 716-17; Sunset Hollow Prop., LLC v. Bank of Western Mass. (In re Sunset Hollow Prop., LLC), 359 B.R. 366, 379 (Bankr. D. Mass. 2007).

In this case, Plaintiffs have alleged that they and the Creditor Defendants are creditors of a common debtor, namely CG.  Portions of the complaint seek to marshal assets owned by the common debtor.  To that extent, Plaintiffs have stated a claim for marshaling and Defendants' motions to dismiss will be denied.

Other portions of the complaint seek to marshal the assets of WAV.  In their complaint, Plaintiffs concede their mechanic's lien claims do not extend to any property owned by parties other than CG.  Thus, WAV is not a common debtor.  Consequently, to state a claim for marshaling non-CG property, Plaintiffs must allege facts as to one of the three exceptions to the common debtor requirement.  Plaintiffs argue their allegations about the various guarantee and cross-collateralization agreements entered among Defendants are sufficient.  However, mere allegations that Defendants have entered into various commercial lending contracts, complex and overlapping though they may be, without more, does nothing to put Defendants on notice of an

---

[1] The rule has sometimes been stated in three parts: "1) that the creditors are creditors of the same debtor, 2) that there are two funds belonging to that debtor, and 3) that one of the creditors has the right to resort to both funds."  In re Childers, 44 B.R. 23, 26 (Bankr. N.D. Ala. 1984) (citing In re Computer Room, Inc., 24 B.R. 732, 734-36 (Bankr. N.D. Ala. 1982)); see also In re Talmo, 192 B.R. 272, 275 (Bankr. S.D. Fla. 1996).

alter ego claim, a claim that any guarantees should be treated as capital contributions to CG, or a claim of inequitable conduct. The Court cannot consider Plaintiffs' conclusory language that the facts and circumstances surrounding the contractual relations are unique, because such language is Plaintiffs' opinion rather than a factual assertion.

As to those sections of the complaint that seek marshaling of WAV assets, Plaintiffs have failed to assert allegations to establish the common debtor requirement or an exception. Therefore, the Court will grant Defendants' motions to dismiss as to Count I, paragraph 25(a); Count II, paragraph 32(a); Count III, paragraph 38; Count IV, paragraph 41, to the extent it requires the marshaling of CG assets to take place after the marshaling to WAV assets; and Count V. None of the motions requested dismissal of Count VI, which only seeks marshaling of CG's assets.

*Sale of Assets:* The last count in Plaintiffs' complaint asks the Court to order the sale of WAV property prior to the sale of CG property to protect Plaintiffs' credit bid rights. Under 11 U.S.C. § 363(e), any party with an interest in property to be sold may ask the Court to place conditions on the sale to adequately protect[2] the party's interest. In this case, Plaintiffs have alleged they have interest in the property of CG via mechanic's liens and the right to credit bid on the CG property. These allegations are sufficient to state a claim for imposing conditions upon the sale of CG's property. Therefore, the Court will deny Debtors' motion to dismiss Count VII of the complaint.

---

[2] Adequate protection is intended to be a flexible concept and is not limited to periodic payments. 3 Collier on Bankruptcy ¶ 363.05 (15th ed. rev'd 2007).

**Conclusion**

To the extent Plaintiffs seek to marshal the assets of CG, their complaint alleges all the facts necessary to state a claim. To the extent Plaintiffs seek to marshal the assets of debtors other than CG, their complaint fails to allege facts as to the common debtor requirement or one of its exceptions. To the extent Plaintiffs seek to place conditions on the sale of CG property, they have alleged facts sufficient to state a claim. Consequently, the Court will grant Defendants' motions in part and dismiss Count I, paragraph 25(a); Count II, paragraph 32(a); Count III, paragraph 38; Count IV, paragraph 41, to the extent it requires the marshaling of CG assets to take place after the marshaling to WAV assets; and Count V of the complaint without prejudice.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT